FILED

JAN - 4 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 09-46592-A-13G
)
MARTHA BRONSON, ) Docket Control No. MB-1
)
)
       Debtor. )
)
_____ )

**MEMORANDUM**

    The chapter 13 debtor, an attorney, has filed a second chapter 13 case. Her earlier chapter 13 case, Case No. 09-38254, was filed on August 27, 2009 and dismissed on December 8, 2009. The most recent case was filed on December 4, four days before the entry of the dismissal order.

    On December 30, 2009, the debtor filed a motion to extend the automatic stay beyond the thirtieth day after the filing of her second case.

    On January 4, 2010, the debtor filed a second motion to extend the automatic stay, this time in the context of an adversary proceeding, No. 09-2831. The second motion is accompanied by a request for a hearing on January 7.

    11 U.S.C. § 362(c) deals with the duration of the automatic stay. Section 362(c)(3) limits the duration of the automatic stay when the debtor has filed a prior petition and applies only

to individual debtors.  If an individual was a debtor in a prior case under chapter 7, 11, or 13, if that prior petition was dismissed, and if the prior petition was pending within 1 year of the new petition, the automatic stay with respect to a debt, property securing such debt, or any lease terminates as to the debtor (but not the estate) on the 30th day after the filing of a new case.

Section 362(c)(3)(B) permits any party in interest to file a motion for continuation of the automatic stay.  The debtor is a party in interest.

Therefore, the debtor may ask the court to extend the automatic stay provided that all creditors to be affected by the stay are given notice and a hearing is conducted.  See In re Collins, 334 B.R. 655 (Bankr. D. Minn. 2005); In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005).  The hearing must be completed before the expiration of the initial 30 days of the case.  See In re Ziolkowski, 338 B.R. 543 (Bankr. D. Conn. 2006); In re Wright, 339 B.R. 474 (Bankr. E.D. Ark. 2006); In re Toro-Arcila, 334 B.R. 224 (Bankr. S.D. Tex. 2005).

Here, no certificate of service accompanies either motion.  However, even if it is assumed that all creditors were served by mail on December 30 with the first motion, the debtor requested a hearing on January 4 at 9:00 a.m.  This provided no effective notice to creditors.  On December 31, the court closed at noon, and it was closed on January 1 , 2, and 3 for the holiday and the weekend.  It is doubtful that any creditor would have received the motion prior to the hearing.

Of course, the court could conceivably set a hearing on a

later date as requested in the second motion. However, the hearing must be concluded before the expiration of the initial 30 days of the case. See 11 U.S.C. § 362(c)(3)(B). The 30-day window closed on January 3. While this fell on a weekend, the statute requires that the hearing be concluded "before the expiration of the 30-day period. . . ." See 11 U.S.C. § 362(c)(3)(B). Therefore, a hearing should have been scheduled on December 31 at the latest. Because this court employs a "self-set" law and motion calendar, it was incumbent on the debtor to make seasonable arrangements for hearing no later than December 31.

If the court could deny all creditors notice and a hearing on the motion, and ignore the fact that the motion would not be acted upon within the 30-day window, it nonetheless would deny the requested extension of the automatic stay.

In order to extend the automatic stay, the debtor must demonstrate that the filing of the new case was in good faith. There is a developing divergence in the case law as to how this must be established. Some courts merely look to the language of section 362(c)(3)(C). For example, in In re Whitaker, 341 B.R. 336, 345 (Bankr. S.D. Ga. 2006), the court held: "[T]he chief means of rebutting the presumption of bad faith requires the movant to establish 'a substantial change in the financial or personal affairs of the debtor . . . or any other reason to conclude' that the instant case will be successful."

Other courts employ a "totality of the circumstances" factor analysis to determine a debtor's good faith in filing multiple petitions. See In re Montoya, 333 B.R.449, 458; In re Galanis,

334 B.R. 685, 691 (Bankr. D. Utah 2005); <u>In re Ball</u>, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006); <u>In re Havner</u>, 336 B.R. 98 (Bankr. M.D. N.C. 2006).

Whichever standard is appropriate, the debtor in this case has not satisfied it.

The motions explain only why the prior case was dismissed. They make no showing that this case will be successful. The second motion dwells on the merits of the adversary proceeding. However, even if the adversary proceeding has merit, this has no necessary impact on the ability of the debtor to propose and confirm a chapter 13 plan. Under section 362(c)(3)(C), to establish, by "clear and convincing evidence," that the new case was filed in good faith, the debtor must prove that a chapter 13 plan will be confirmed and fully performed in the new case. The motion does not address this issue.

In declining to extend the automatic stay beyond the thirtieth day of this case, the court notes that section 362(c)(3) provides for the expiration of the automatic stay only as to the debtor. The automatic stay remains in place was to the bankruptcy estate. Provided the proposed plan does not revest the estate in the debtor, the automatic stay will protect property of the estate until it is terminated. Consequently, the estate continues to be protected by the automatic stay and once a plan is confirmed, acts against the debtor be limited by the plan. 11 U.S.C. § 1327(a) provides that confirmation of the plan binds the debtor and all creditors. Thus, once confirmed, the rights of creditors are limited to those rights specified in the plan.

Therefore, both motions will be denied. A separate order will be entered.

Dated: 4 Jan 2010

By the Court

_Michael S. McManus_
Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Donald Cram
1 Embarcadero Center #2600
San Francisco, CA 94111

Martha Bronson
15 W 8th St #A
Tracy, CA 95376

Green Tree Servicing LLC
c/o Donald H. Cram III
1 Embarcadero Center 26th Fl
San Francisco, CA 94111

Martha Bronson
1224 Newcastle Ct
Tracy, CA 95376

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: January 5, 2010

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus